E-FILED
Monday, 09 November, 2026 10:51:43 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **TIMOTHY BELL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-4140** |
| | ) | |
| **KWAME RAOUL,** | ) | |
| **Defendant.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983, a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 3), Motions to Request Counsel (Docs. 6, 8), and Motions for Judgment on the Pleadings (Docs. 9, 10) filed by Plaintiff Timothy Bell, a resident of the Illinois Department of Human Services Treatment and Detention Facility under the Illinois Sexually Violent Persons Commitment Act ("SVPCA"), 725 ILCS 207/1 *et seq*.

## I. Screening Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is

frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**II. Analysis**

Plaintiff names Illinois Attorney General Kwame Raoul as the sole Defendant. Plaintiff's pleading challenges his continued commitment under the SVPCA, which the Seventh Circuit, in a case of first impression, held was barred by the favorable termination requirement established by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) ("Today, in accordance with every other circuit that has considered this issue, we too apply *Heck* to those civilly confined under the Illinois SVPCA and similar statutes. … [A] civil detainee cannot sue a state official under 42 U.S.C. § 1983 for violating his constitutional rights when a judgment in the plaintiff's favor would necessarily imply the invalidity of his confinement, unless the grounds for the confinement have already been set aside in other proceedings.). In his pleading, Plaintiff requests that this Court "cease all civil commitment proceedings … and release … Plaintiff from civil detention immediately." (Doc. 1 at 3-4.)

The Court concludes that Plaintiff's Complaint fails to state a plausible claim for relief. Although the Court has the discretion to permit Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Accordingly, the Court dismisses Plaintiff's complaint, which renders moot Plaintiff's remaining outstanding filings. (Docs. 3, 6, 8-10.)

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's IFP Petition (Doc. 3) and Motions for Counsel (Docs. 6, 8) and Judgment on the Pleadings (Docs. 9, 10) are MOOT.**

2) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Because any amendment would be futile for the reasons stated, the Court DIRECTS the Clerk of the Court to enter a judgment under Fed. R. Civ. P. 58.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED November 9, 2026.

s/Colleen R. Lawless

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE